UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

BART SIDNEY POSEY, SR.,                   )
                                          )
          Petitioner                      )          Civil No. 5:26-cv-00019-GFVT
                                          )
v.                                        )
                                          )          **MEMORANDUM OPINION**
WARDEN DAVID PAUL,                        )                  **&**
                                          )              **ORDER**
          Respondent.                     )
                                          )

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Bart Sidney Posey, Sr. is an inmate at the Federal Medical Center in Lexington, Kentucky.  Proceeding without a lawyer, Posey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggests that the Federal Bureau of Prisons ("BOP") is failing to award him certain time credits he has earned pursuant to the First Step Act ("FSA") and thus improperly calculating his release date.  [R. 1.]  The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Posey's petition.  [R. 7.]  Posey then filed a reply in support of his request for relief.  [R. 8.]  Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Posey's petition because he has neither clearly shown how the BOP's calculations are incorrect nor otherwise adequately demonstrated that he is entitled to habeas relief.  The U.S. Attorney's Office has explained that, as of the BOP's most recent calculation, Posey has earned the maximum of 365 days of FSA time credits toward his release.  [R. 7-1 at 3.]  As a result, the BOP has advanced Posey's release date by a full year—from November 5, 2029, to November 5, 2028.  *Id.*  The U.S. Attorney's Office has also indicated that Posey has earned an additional 425 days of FSA

time credits toward placement in either a residential reentry facility or home confinement. *Id.* While Posey offers his own series of calculations, his submission is difficult to follow, and he certainly has not demonstrated in any clear way how the BOP's comprehensive time credit assessment is wrong or otherwise inconsistent with applicable law. [*See* R. 7-1 at 16-19.]

Posey does suggest that the BOP should award him FSA credits for certain periods of time before he arrived at his designated federal facility. But, as this Court has pointed out, the BOP has properly concluded that a petitioner cannot earn FSA time credits "before he even arrived at a federal prison where the required programming was offered." *Trivedi v. Entzel*, No. 0:25-cv-047-DLB, 2025 WL 1370014, at *2 (E.D. Ky. Apr. 21, 2025). And to the extent that Posey argues that he should receive FSA credits for time he previously spent in state custody, he has not clearly demonstrated that he participated in evidence-based recidivism reduction programming or productive activities during the timeframe in question, as required to receive time credits. Thus, Posey's arguments are simply unavailing.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Posey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. This matter is **STRICKEN** from the Court's active docket; and

3. Judgment will be entered accordingly.

This the 19th day of May, 2026.

Gregory F. Van Tatenhove
United States District Judge